UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MYLAN PHARMACEUTICALS INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TEVA PHARMACEUTICALS INDUSTRIES LTD, TEVA PHARMACEUTICALS USA, INC., TEVA NEUROSCIENCE, INC., AND TEVA SALES & MARKETING, INC.,**<br><br>**Defendants.** | Civil Action No. 21-13087 (JXN) (JSA)<br><br>**ORDER** |

**THIS MATTER** having been opened by the Court; and the Court having considered the parties' February 18, 2022 joint discovery plan (ECF No. 47); the parties' April 12, 2022 joint status letter (ECF No. 61); and the Court having heard argument of the parties during its April 28, 2022 status conference; and the Court having considered the status of these proceedings; and for other and good cause having been shown; and for the reasons set forth on the record of these proceedings,

**IT IS** on this 31st day of May, 2022,

**ORDERED** that Plaintiff's request for all materials previously produced to the Department of Justice in connection with the investigation and action related to Copaxone titled *United States et al. ex. rel. Charles Arnstein and Hossam Senousy v. Teva Pharmaceuticals USA, Inc. et al.*, No. 1:13-cv-03702 (S.D.N.Y.) (the "prior Qui Tam action"), and Defendants' objection that the documents and materials Defendants previously produced to the Department of Justice in connection with the prior Qui Tam action are irrelevant as a whole and therefore need not be

reviewed or produced as part of Phase 1 discovery in this matter are each granted in part and denied in part as set forth below; and it is further

**ORDERED** that documents and materials from 2008 forward (2008 being on or after the period when Mylan began investigating the possibility of developing a generic GA), that were produced by Defendants in the prior Qui Tam action, be reviewed by Defendants for relevance consistent with the Court's statements set forth on the record during the April 28, 2022 Zoom Status Conference (*see* April 28, 2022 Hearing Tr. 58:21 – 61:20); and it is further

**ORDERED** that the parties shall meet and confer in order to narrow Plaintiff's request for *all* such documents and materials Defendants previously produced to the Department of Justice in connection with the prior Qui Tam action consistent with the preceding paragraph, and upon reaching agreement on the scope of such requests, Defendants shall produce such documents, and failing such agreement the parties shall promptly advise the Court in writing; and it is further

**ORDERED** that the parties are to continue to meet and confer regarding a form of ESI Stipulation,[1] or submit any remaining disputes regarding the foregoing to the Court for resolution forthwith pursuant to Local Civil Rule 37.1; and it is further

**ORDERED** that in addition to producing its Citizen Petitions regarding Copaxone, Defendants shall search for, collect, and prepare for production all non-privileged materials produced to the United States Food and Drug Administration in connection with Teva's Citizen Petitions in connection with Copaxone, as described in Section 6(b)(1)(A) in the parties' Joint Discovery Plan; and it is further

**ORDERED** that, once the Discovery Confidentiality Order and ESI Stipulation have been entered, Defendants shall produce responsive documents from within the categories described in

---

[1] The Court's review of the docket confirms that the parties have since filed their agreed-upon proposed Discovery Confidentiality Order, (ECF No. 66), which is currently under review by the Court.

Section 6(b)(1)(A) in the parties' Joint Discovery Plan and consistent with the Court's prior directives; and it is further

**ORDERED** that the parties shall submit a joint status letter to the Court by no later than June 23, 2022; and it is further

**ORDERED** that a status conference by way of Zoom Videoconference shall be held before the undersigned on June 28, 2022, at 3:30 p.m.

*s/ Jessica S. Allen*
**HONORABLE JESSICA S. ALLEN, U.S.M.J.**