

**Arnold B. Calmann**
**(973) 645-4828**
abc@saiber.com

September 13, 2022

**BY ECF**

Hon. Julien Xavier Neals, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    *Mylan Pharms. Inc. v. Teva Pharms. Indus. Ltd., et al.*,
              **Civil Action No. 2:21-13087 (JXN) (JSA)**

Dear Judge Neals:

      We write in response to Teva's September 7, 2022 letter, ECF No. 90, to correct two flagrant misrepresentations.

      First, Teva asserts that *Suboxone* is "entirely consistent" with its argument that certain conduct—*e.g.*, conduct that is immunized under *Noerr-Pennington*, is per se pro-competitive, or did not cause the plaintiff antitrust injury—cannot be included in an overall monopolization scheme.[1] This is flatly wrong. *Suboxone* clearly held that "independently *lawful* conduct" can form part of an overall unlawful scheme. Ex. A, at 44 (emphasis added); *id.* at 46 ("Plaintiffs need not disaggregate '*legal*' conduct from '*illegal* conduct.'") (emphasis added). This holding applies equally in the instant action with respect to Teva's conduct.

      Second, Teva says *Suboxone*'s holding that the price-cost test does not apply to a complex product-hop claim is irrelevant to whether the test applies to the rebating conduct at issue in Mylan's case. But Teva errs by comparing the full claim in *Suboxone* to a single aspect of Mylan's claim. The relevant legal principle is that where multiple forms of conduct are at issue, and price is not the clearly predominant means of exclusion, the price-cost test both does not apply to the conduct as a whole and does not remove pricing issues from allegations of an anticompetitive scheme. Ex. A, at 52. Accordingly, the price-cost test should not govern Mylan's overall scheme any more than it governed the *Suboxone* plaintiffs' claim. Teva's attempt to

---

    [1] Mylan disagrees that Teva benefits from *Noerr* protection, did anything per se pro-competitive, or failed to harm Mylan.

Hon. Julien Xavier Neals, U.S.D.J.
September 13, 2022
Page 2

single out rebates for application of the price-cost test in isolation is exactly what the overall scheme doctrine forbids and what *Suboxone* did **not** do.

\*\*\*

    We thank the Court for its consideration of this matter. Naturally, if the Court has any questions, we are available to respond at the Court's convenience.

                                      Respectfully submitted,

                                      /s Arnold B. Calmann

                                      Arnold B. Calmann

ABC/jbh

cc:    Counsel of Record (by ECF & email)