

**Arnold B. Calmann**
**(973) 645-4828**
abc@saiber.com

April 20, 2023

**BY ECF**

Hon. Julien Xavier Neals, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

  Re: *Mylan Pharms. Inc. v. Teva Pharms. Indus. Ltd., et al.*,
     Civil Action No. 2:21-13087 (JXN) (JSA)

Dear Judge Neals:

  We along with our co-counsel, Wilson Sonsini Goodrich & Rosati, represent Plaintiff Mylan Pharmaceuticals ("Mylan") in the above matter. We respectfully are compelled to respond to the April 3, 2023, letter to Your Honor from Defendant Teva (ECF No. 112) that provides arguments regarding two recent decisions. Contrary to Teva's arguments, the plain language of both decisions strongly supports Mylan's opposition to Teva's pending motion to dismiss.

*Regeneron v. Amgen*[1]

  Teva leans heavily on the fact that *Regeneron* involves bundling multiple products and this case does not. This distinction is immaterial. *Regeneron*'s relevance is not limited to multiproduct bundles. Rather, the R&R and order adopting it both support the propositions that "[w]hether an arrangement is legal 'depends on whether it forecloses competition in such a substantial share of the relevant market so as to adversely affect competition,'" and that this inquiry "implicate[s] factual disputes that cannot be resolved at [the motion to dismiss] stage of the case. Ex. A at 10, 13.

---

[1] Teva continues to confuse when the test applies and when a claim passes the test. Mylan agrees with Teva that the price-cost test applies to exclusive dealing arrangements where price is the clearly predominant mechanism of exclusion. But **Teva still fails to establish that price was the predominant method of exclusion, and *Regeneron* does nothing to undermine Mylan's substantial showing of the myriad ways – including both price and non-price – Teva excluded Mylan from the market.** *See* Mylan's August 29, 2022, letter at 4-5 (ECF No. 87); Mylan's Br. at 45-47.

Hon. Julien Xavier Neals, U.S.D.J.
April 20, 2023
Page 2

That need for discovery is illustrated by Teva's resort to factual distinctions between this case and *Regeneron*. The Court *cannot* assess the extent of Teva's foreclosure until Mylan has access to Teva's PBM contracts. *See also* Mylan's Br. at 49 ("Mylan does not have access to the length of these agreements."); Compl. ¶ 231 (Teva's PBM contracts contain confidentiality clauses); Mylan's August 16, 2022, letter at 2 (ECF No. 87).

Mylan has pleaded foreclosure with the plausibility required for the opportunity to prove that foreclosure is substantial, and as in *Regeneron*, courts routinely wait to assess the extent of foreclosure until it has permitted full discovery on this topic to be completed. *See* Ex. A at 15; Ex. B. at 2; *see also 3Shape TRIOS A/S v. Align Tech., Inc.*, 2020 WL 2559777 (D. Del. May 20, 2020) (collecting cases cases).

<u>*In re HIV Antitrust Litigation*</u>

Contrary to Teva's assertions, Mylan does not have a "product-hop claim" to "doom[]." Teva's letter at 3. Mylan's complaint clearly states it has a single Sherman Act claim: that Teva excluded generic rivals through a holistic anticompetitive scheme that brought together various forms of conduct. Among that conduct is Teva's efforts to shift the market from the 20mg dose to the 40mg dose. Compl. ¶ 5. But Mylan has been clear this is not a standalone product hop claim. Mylan's Br. at 17 n.8.

In any event, *In re HIV* actually *supports* Mylan's arguments for two reasons.

First, *In re HIV* has nothing to do with "sweep[ing] lawful conduct into an overall scheme theory of liability." Teva's letter at 3. Teva misreads this opinion. The *In re HIV* court explicitly rejected the defendants' request to do exactly what Teva asks this Court to do – excise independently lawful action from the plaintiffs' claim – and acknowledged that it "should not parse out the individual acts taken by Gilead . . . but rather should evaluate their overall combined effect given the broad antitrust scheme pled by Plaintiffs." Teva's Ex. 1 at 17. The court only granted summary judgment to the defendants because it found no antitrust violation, whether in totality or standing alone. And in reaching that conclusion it "considered *not only* the individual acts *but also* the acts taken collectively" and concluded no reasonable jury could find coercion based on the undisputed facts. *Id.* (emphasis added). Thus, the *HIV* court's approach is consistent with the law, which is the approach Mylan advocated for in its August 29, 2022, letter at 3 (ECF No. 89) (courts may begin their analysis by examining the individual acts in a scheme, so long as they keep the overall scheme in mind).

Furthermore, Teva retreads the same ground the parties have already covered in multiple prior letters.[2] Teva's out-of-circuit district court case does not change the analysis in this Circuit

---

[2] ECF No. 87 at 3; ECF No. 89 at 3-4 & n.2; ECF No. 94 at 1.

Hon. Julien Xavier Neals, U.S.D.J.
April 20, 2023
Page 3

where "[t]he relevant inquiry is the anticompetitive effect of [the] exclusionary practices considered together." *LePage's Inc. v. 3M*, 324 F.3d 141, 162 (3d Cir. 2003) (en banc).

  Second, Teva's reliance on *In re HIV*, a case decided at summary judgment, is misplaced because the present case is pending on a motion to dismiss. "Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims" while Rule 56(a) expressly does. *FTC v. Facebook,* 581 F. Supp. 3d 34, 60 (D.D.C. 2022) (collecting cases). To reiterate, Mylan's claim concerning Teva's anticompetitive scheme is an integrated whole. And at this stage of the case, no part of that scheme may be carved out of Mylan's claim. *See id.* (refusing to dismiss, on a 12(b)(6) motion, part of an overall scheme claim that would be independently unactionable).

***

  We thank the Court for its consideration of this matter. Should the Court have any questions, we are available to respond at the Court's convenience.

Respectfully submitted,

/s Arnold B. Calmann

Arnold B. Calmann

ABC/jbh
cc:  Counsel of Record (by ECF & email)